IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MANUEL REYES, JR.,

        Petitioner,

v.

SHARON BLACKETTER,

        Respondent.

Case No. 3:08-cv-00766-JE

FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on June 24, 2008. On December 16, 2010, the court addressed the case on its merits, denied relief, and entered a Judgment.

Approximately seven years later, Petitioner now asks the court to relieve him from the 2010 Judgment pursuant to Fed. R. Civ. P. 60(b)(6). Specifically, he claims that the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), provides a mechanism by which he can raise new claims of

1 - FINDINGS AND RECOMMENDATION

ineffective assistance of counsel that his post-conviction relief ("PCR") attorney failed to raise during Petitioner's first PCR action.

*Martinez* held that inadequate assistance of post-conviction counsel may establish cause to excuse the default of an ineffective assistance of trial counsel claim. *Id* at 4. However, *Martinez* does not contemplate that a Petitioner may reopen a closed habeas corpus case to add new claims for adjudication. Indeed, the Supreme Court has explained that a Rule 60(b) motion amounts to an improper successive petition without Circuit permission if it "advances one or more 'claims,'" "seeks to add a new ground for relief," or "attacks a federal court's previous resolution of a claim *on the merits*. . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (italics in original). In this regard, the Court in *Gonzalez* was "careful to explain how Rule 60(b) could not be used to get a second chance to assert new claims." *Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir. 2013). As such, where Petitioner seeks to reopen his case to add new claims, his Motion for Relief from Judgment amounts to an improperly

successive habeas corpus petition in the absence of Circuit permission.[1] See 28 U.S.C. § 2244(3)(A).

**RECOMMENDATION**

Petitioner's Motion for Relief from Judgment (#64) should be denied.

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of December, 2017.

_____
John Jelderks
United States Magistrate Judge

---

[1] Even if the successive petition bar did not resolve Petitioner's Motion, where the Supreme Court issued its decision in *Martinez* more than five years before Petitioner filed the Motion currently before the court, Petitioner failed to file his Motion within a reasonable time frame as required by Fed. R. Civ. P. 60(c)(1).

3 - FINDINGS AND RECOMMENDATION